## DISTRICT TOWNSHIP OF RAPIDS v. DISTRICT TOWNSHIP OF CLINTON.

### I. Per CURIAM.

1. Taxes: SCHOOL TAXES PAID TO WRONG DISTRICT. Certain sections of land embraced within the geographical limits of the civil township of C. were also embraced within the limits of the school district township of R. The school district township of C. included all of the civil township of C., except the lands embraced in the school district township of R. For several successive years the school district township of R. and the school district township of C. certified up to the proper county authorities the per centum or rate of taxation voted by their respective districts for school purposes, and the same were levied for such years, but the per centum thus certified up by the school district of R. to the county authorities, and by them levied, was not carried out upon the tax lists upon said land, and consequently never collected, but instead thereof the per centum voted by the school district of C., and certified up, was carried out upon the tax lists as the amount of tax upon said lands, collected by the county treasurer and by him paid over to said school district township of C. *Held*, in an action by the school district township of R. against the school district township of C. to recover the amount of tax thus paid over to the latter, that, as the tax levied by the county authorities for the plaintiff was never collected, but another and different tax, viz.: that certified up by the defendant, the money collected did not as of legal right belong to the plaintiff, and that it was not entitled to recover.

### II. Per DILLON, Ch. J.

2. —— MONEY HAD AND RECEIVED: ESTOPPEL. It appearing from the record that there was a dispute between the two districts respecting their boundaries, each claiming the territory in question, and failing to settle the question in some legitimate way, the allowance by the plaintiff, of the defendant, to levy, collect and receive the taxes from year to year, and expend them in meeting the annual wants of the district, estops it from maintaining an action therefor as for money had and received, upon principles of public policy similar to those which deny to a party who voluntarily pays an illegal or unconstitutional tax the right to recover it back.

District Township of Rapids v. District Township of Clinton.

*Appeal from Linn District Court.*

TUESDAY, JUNE 22.

MONEY HAD AND RECEIVED : SCHOOL TAXES PAID TO WRONG DISTRICT, ETC.—The petition alleges that certain lands (*describing them*) in sections 1, 2, 11, 12, 13, 14, 24, 25 and 36, T. 83, R. 8, situate in the civil township of Clinton, for eight years past have been and still are annexed to the township of Rapids (the plaintiff) for school purposes; that a district school tax for the years 1859, '60, '61, '62, '63 and 64 was levied on said lands amounting to over $500, the amount for each year being specifically stated; that the amounts collected by the county treasurer from said lands were each year paid over by him to the defendant, dates and sums being given; " that said several sums of money were paid over to the defendant at the dates mentioned by mistake, and defendant wrongfully converted the same; that said money belonged to the plaintiff, and that the defendant, though requested, refuses to pay over the same, wherefore the plaintiff demands judgment," etc.

Answer in denial and also setting up, in substance, that the defendant received the moneys sued for from the county treasurer under a claim of right; that plaintiff never assessed or levied a tax upon the lands described in the petition; but that defendant did assess and levy a tax on said lands and the same was returned to and collected by the county treasurer, and by him paid over to defendant as money belonging to it.

The cause was referred to a referee whose report in favor of the plaintiff was confirmed, and the defendant excepted and appeals. The evidence is not sent up. The report of the referee is as follows:

From the evidence introduced, the admissions made upon the trial and the pleadings in the case, I find the following facts as established :

1. That plaintiff and defendants are bodies corporate under the laws of Iowa, with capacity to sue and be sued.

2. That within the geographical boundaries of the district township of Rapids are included the several tracts of land described in the plaintiff's petition, and have been therein included since the year 1855, but that said tracts of land are also within the geographical boundaries of the civil township of Clinton, and that the (school) district township of Clinton includes all of the civil township of Clinton, except the lands described in the petition of plaintiff which are annexed to (school) district township of Rapids for school purposes. The evidence to prove this was the school fund book, a plat in possession of the Rapids district made by the school fund commissioner in 1858, or before, and the evidence that nearly all of the inhabitants of the disputed territory sent to the Rapids district to school.

3. That plaintiff and defendant, for the years 1859, 1860, 1861, 1862, 1863 and 1864, by their respective officers, certified up to the proper county authorities the per centum or rate of taxation voted by their respective districts for school purposes, and that said taxes were duly levied by the county authorities; that the assessors for the township of Rapids and Clinton failed to mark on their assessment books for said township the school district in which said lands were located, and that as a consequence the officer making the tax list for said years aforesaid carried out upon the tax list the rate of taxation certified up by defendant as the amount due upon said property, and the same was collected and paid over to the defendant, as set forth in schedule attached to plaintiff's petition, amounting in the aggregate to the

sum of $557.61; and that, although the plaintiff voted and certified up to the proper county authorities their rate of taxation for their (school) district township, and the same was levied, yet the officers making out the tax list, supposing that all lands in Clinton township were included in the (school) district township of Clinton, carried out opposite to the lands in petition described, the rate of taxation established or voted by Clinton upon all lands in the civil township of Clinton, and the rate established by plaintiff only upon the lands in the civil township of Rapids, which does not include within its limits the lands described in the petition; and that the rates so levied by Clinton district, and certified up to the county authorities to be levied, were carried out upon the tax lists for said years as the school tax levied and due upon said lands; and the tax levied by Rapids district, and certified up to the county authorities, and by them duly levied, were never carried out upon the tax list against the lands in the petition described.

Or to state the same thing in fewer words, the per centum of taxation, certified up by the school district of Rapids to the county authorities, and by them levied for said years, were not carried out upon the tax lists upon said lands, and consequently never collected, but, instead thereof, the per centum voted by Clinton, and certified up, were carried out as the amount of tax levied upon said lands, and it was this amount, to wit: $557.61, collected by the treasurer of Linn county, Iowa, and by him paid over to defendant. That the rates of taxation, certified up by plaintiff and defendant, were different in amount, the defendant's rate being, in the aggregate, lower than plaintiff's for the years aforesaid.

4. That a demand was made by plaintiff for said sums of money before suit brought, and the time was fixed when said demand was made at September 1, 1865, but

no time fixed by the evidence or pleadings when the money was received by defendant.

My conclusions of law are as follows:

That defendant had no right to receive the money raised by taxation on the land in question, but that the same belonged to the plaintiff, and that defendant received the same for plaintiff, and should refund the same, and that judgment should be rendered for plaintiff against the defendant for the sum of $557.61, and costs of suit and interest on the $557.61 from commencement of suit till rendition of judgment, at 6 per cent per annum.

*Thompson & Davis* for the appellant.

*Smyth & Young* for the appellee.

DILLON, Ch. J. — This is a peculiar case, and yet the court, availing itself of the analogies of the law and regarding the consequences of adopting a principle which would sanction a recovery in a case like the present, have had but little real difficulty in determining it.

1. TAXES: school taxes paid to wrong district.

Since the evidence is not in the record, the facts found and reported by the referee must be taken as true.

On those facts was the plaintiff entitled to judgment? The ground of the action, as stated in the petition, is, that the moneys collected were the proper moneys of the plaintiff, and were, by mistake of the county treasurer, paid over to the defendant, when they should have been paid to the plaintiff.

The case reported by the referee however is not precisely this, but somewhat different. The main mistake was not on the part of the county treasurer, but occurred at an earlier period than the receipt of the taxes by that officer.

The school laws in force during the period embraced in this controversy allowed the school districts to determine the *per centum* or rate of taxation on the taxable property of the district; this was to be certified to the county authorities, first, the county judge, and afterward the supervisors, whose duty it then became at the time of levying other taxes to levy the per centum or rate thus certified upon the taxable property of the district. In due time it would become and was made the duty of the county treasurer to collect the school tax thus levied, and pay it over to the proper school officers. Now, it is found that both plaintiff and defendant fixed upon the rate or per centum of taxes each desired, and each caused the same to be certified to the county authorities, and that these levied the tax. The orders or resolutions by which the tax was levied are not reported, but they were undoubtedly in general terms, and did not undertake to fix or describe by numbers the property on which the levy was made. The taxable property is ascertained by the township assessor. This work is done before the tax is levied. Each township has its assessor. As a rule each civil township is also a school district. But, in the case at bar, part of the civil township of Clinton was (as found by the referee) attached to Rapids township for school purposes. This fact was unknown to or forgotten by the clerk of the board of supervisors, whose duty it is to make out the tax lists and keep each different tax distinct. He supposed that all the land in the civil township of Clinton belonged to the district township of Clinton, and carried out and completed his tax lists accordingly.

Now, it is evident that the last step taken toward collecting ten per centum or tax certified up by the plaintiff was the levy. The county officers made the order for the levy and there stopped. This rate, that is, the rate or per

District Township of Rapids v. District Township of Clinton.

centum demanded by the plaintiff and ordered by the county authorities, was never carried out on the tax lists or books, but, instead thereof, another rate or per centum, viz., that certified up by defendant. The referee finds that the tax levied by the county authorities for the plaintiff " was never collected," but another and different tax, to wit, that certified up by the defendant.

If this be so, the money collected by the county treasurer did not belong as of legal right to the plaintiff, and if so, the basis of this action fails.

On the foregoing view the court places its judgment, but there is another which it seems to me is equally satisfactory and equally decisive against the plaintiff's action.

**2. —— money had and received: estoppel.**

This I proceed to express without committing the court to its soundness.

The plaintiff's action is for money had and received. Such an action *ex equo et bono*, and rests upon an equitable basis.

It appears from the answer and record that here there was a dispute between the two districts respecting their boundaries. Each claimed the territory in question to belong to, it. Instead of settling this question in some legitimate mode by *mandamus, quo warranto* or other appropriate proceeding, the controversy as to boundaries was permitted to remain open. Under such circumstances, if one district allows the other to levy and collect or receive taxes from year to year, and expend them to meet the annual wants of the district so receiving them, I am ready to hold that the corporation permitting this to be done (whatever other remedy it may have or might have had) cannot maintain therefor an action for money had and received. Such a case differs from *The District Township of Norway* v. *The District Township of Clear Lake*, 11 Iowa, 506.

The view above expressed rests upon principles of public policy, similar to those which deny to a party who voluntarily pays an illegal or unconstitutional tax the right to recover it back.

Again, the record shows the name of each tax payer who, from year to year, paid the taxes now sought to be recovered. These taxes were demanded and collected under and by virtue of a levy, which, as before shown, was never made.

It seems to me that the right of action on the part of the tax payer is just as strong as that of the plaintiff, and yet if the tax payer should sue, he could not recover if his payment was not compulsory, although the defendant had no legal right to the taxes it received.

We unite in the conclusion that the judgment rendered by the District Court must be reversed, and the cause remanded for a new trial.

                                                    Reversed.